UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANGEL PIZANA,

          Petitioner,

  vs.

A.P. KANE, Warden,

          Respondent.
_____/

No. C05-2457 PJH (PR)

**ORDER DENYING HABEAS PETITION**

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. § 2254. The petition is directed to a denial of parole. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition will be denied.

## BACKGROUND

Petitioner pled guilty to kidnapping for ransom and two counts of second-degree robbery in Los Angeles County Superior Court. In 1993, he was sentenced to a term of life in prison with the possibility of parole, and he also received a three-year sentence for using a firearm in the kidnapping. On July 1, 2004, after a hearing before the Board of Prison Terms ("Board"), during which petitioner was represented and was given an opportunity to be heard, the Board found petitioner unsuitable for parole. Resp. Ex. 2 at 42. In addition to reviewing petitioner's files and previous transcripts, the Board based its decision upon petitioner's commitment offense, his prior criminal and social history, and his behavior and programming since his incarceration. *Id.* at 8.

**DISCUSSION**

**I.     Standard of Review**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).  The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13.  A state court decision that is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340.  This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d

1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001).  A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do.  *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000).

**II.     Issues Presented**

Petitioner contends that: (1) his due process rights were violated when the Board denied parole for the second time based on the circumstances of his crime; and (2) the Board violated his plea agreement by withholding promised lesser punishment and by recharacterizing his offense as more serious than that to which he pled guilty.

Among other things, respondent contends that California prisoners have no liberty interest in parole and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions go to whether petitioner has any due process rights at all in connection with parole, and if he does, what those rights are, they will addressed first.

**A.     Respondent's Contentions**

**1.     Liberty Interest**

Respondent contends that California law does not create a liberty interest in parole. However, the Ninth Circuit has held that it does.  *See Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1127-28 (9th Cir. 2006).  Respondent's argument as to liberty interest is without merit.

3

### 2. Due Process Protections

Respondent contends that even if California prisoners do have a liberty interest in parole, the due process protections to which they are entitled by clearly-established Supreme Court authority are limited to notice, an opportunity to be heard, and a statement of reasons for denial. That is, respondent contends there is no due process right to have the decision supported by "some evidence." This position, however, has been rejected by the Ninth Circuit, which has held that the Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record", or is "otherwise arbitrary." *Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *McQuillion*, 306 F.3d at 904 (same). The evidence underlying the Board's decision must also have "some indicia of reliability." *McQuillion*, 306 F.3d at 904; *Biggs*, 334 F.3d at 915. The some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d). *See Sass*, 461 F.3d at 1128-1129.

### B. Petitioner's Claims

According to the transcript of the July 1, 2004 parole hearing, petitioner confirmed as true the Board's statement of the facts and circumstances of petitioner's commitment offense. Resp. Ex. 2 at 12-15. Petitioner admitted to collaborating with others in kidnapping the victim at gunpoint, holding him for ransom, and attempting to kill him. *Id.* at 13. Specifically, petitioner – armed with a .22-caliber pistol – tied the victim up and kicked the victim while he was on the floor, threatening him with death. *Id.* at 13-14. Petitioner then placed a plastic bag over the victim's head causing him to briefly lose consciousness. *Id.* at 14.

The Board described petitioner's participation in the crime as cruel and callous, mentioning that petitioner may have been the most violent of the participants according to the victim. *Id.* at 42, 46. The Board also took into consideration petitioner's unstable social history – citing alcohol and drug use, his coming to the country illegally, and his past

criminal acts, which include an arrest for taking a vehicle without the owner's consent. *Id.* at 43-44.  In addition, while in prison, petitioner received three counseling memos – one of which he received since his last parole hearing – for stealing on two separate occasions. *Id.* at 26-27.  The Board noted that petitioner lacked basic knowledge of Alcoholics Anonymous despite his attendance in the program, and that he did not demonstrate educational or vocational advancement.  *Id.* at 45-46.  Finally, the Board ordered a new psychological evaluation for petitioner recommending that petitioner "be honest with the evaluator."  *Id.* at 48.

### 1. "Biggs Claim"

In a line of relatively recent cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense.  *See Hayward v. Marshall*, 512 F.3d 536, (9th cir. 2008); *Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007);  *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation.  334 F.3d at 916-17.  No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense could cease to be "some evidence" that the prisoner would be a danger if paroled.  This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim."  *Irons*, 505 F.3d at 853-54.  It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process.  As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly

"necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, 956 (9th Cir. Nov. 6, 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).   Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized that due process right, which for convenience will be referred to in this opinion as a "*Biggs* claim." Here, petitioner's first issue is such a "*Biggs* claim," in that he contends that simply using the circumstances of his offense as grounds for denial violates due process, separate from his "some evidence" claim, which is issue two, below.

      Petitioner has failed to establish the predicate for his *Biggs* claim. First, petitioner's parole was not denied solely because of the circumstances of his offense, but also because petitioner did not sufficiently participate in institutional programming. Exh. 2 at 45, 48. For instance, petitioner was unable to express any basic understanding of Alcoholics or Narcotics Anonymous, despite attending these programs. *Id.* at 45. Petitioner also "failed to upgrade either educationally or vocationally" while incarcerated, although the Board recognized that petitioner's limited English proficiency was a contributing factor. *Id.* The Board also stated that " [petitioner] needs self-help in order to face, discuss, and cope with stress in a non-destructive manner." *Id.* at 46. And finally, assuming for purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in petitioner's case, petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

      **2.    "Some Evidence" Claim**

    Petitioner contends that denial of parole was not supported by "some evidence" and thus violated his due process rights.

    Ascertaining whether the some evidence standard is met "does not require

examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

Here, the Board's decision was supported by evidence of the callous nature of petitioner's crime – specifically his participation in using a gun in kidnapping the victim, tying up and then kicking the victim, and placing a plastic bag over the victim's head until he passed out. Exh. 2. at 43, 46-47. The Board also reviewed reports by petitioner's counselor and a psychological expert that indicated inconsistencies between what petitioner admitted to the Board regarding his involvement in the crime and what petitioner told the psychologist: "[The evaluation]. . . referred to him as being non-violent and not participating in any real threats or violence or really having much culpability in this crime." *Id.* at 43-44, 47-48. The Board concluded that "[i]n view of the prisoner's assaultive history, and lack of program participation, there's no indication that he would behave differently if paroled." *Id.* at 46.

The nature of petitioner's commitment offense, his violent criminal history, the combination of alcohol playing a role in petitioner's commitment offense and his lack of understanding of the alcohol addiction recovery program, and his disciplinary history and lack of vocational or educational advancement in prison all amount to some evidence that petitioner continued to present an unreasonable risk of harm to the public if released. Consequently, the denial of parole did not violate petitioner's right to due process, and the state courts' denial of this claim was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

**3.     Breach of Plea Bargain**

7

Petitioner contends that by denying him parole the Board has breached his plea bargain by withholding the promised lesser punishment and recharacterizing his offense as more serious than that to which he pled guilty. The plea bargain called for striking the enhancements for counts four and five and that petitioner's sentences would run concurrently. Resp. Ex. 18 at 4-5. Petitioner received a sentence to a term of three years plus life with the possibility of parole. *Id.* at 3. At the sentencing hearing, the government told petitioner, "[A]t some point in time, you will be eligible for parole and they'll put you out on parole." *Id.* at 7. No where in the sentencing transcript does it state that petitioner would be guaranteed release from prison after seven years, as petitioner claims. Traverse at 2.

A party breaches a plea bargain if it fails to live up to the promises it made under the agreement. *See Buckley v. Terhune*, 441 F.3d 688, 698 (9th Cir. 2006). If the government agrees to make a certain recommendation to the sentencing court, it is bound by the agreement to make that particular recommendation. *See United States v. Johnson*, 187 F.3d 1129, 1135 (9th Cir. 1999). Here, the government only stated that petitioner would receive a life sentence with the possibility of parole. Resp. Ex. 18 at 3, 7. Petitioner's argument that the Board is withholding a promised lesser punishment and punishing him for a greater offense is without merit. Because petitioner is serving an indeterminate life sentence, he may be lawfully incarcerated until the Board determines that he is suitable for parole. *See Dannenberg*, 34 Cal. 4th at 1083-84 ("an inmate whose offense was so serious as to warrant, at the outset, a maximum term of life in prison, may be denied parole during whatever time the Board deems required for 'this individual' by 'consideration of the *public safety.*'" (quoting Cal. Penal Code § 3041(b) (emphasis in original)). Petitioner has not demonstrated that the Board violated the plea bargain agreement.

This claim is without merit, and the state courts' rejection of petitioner's argument was not contrary to, or an unreasonable application of, clearly established Supreme Court authority.

**CONCLUSION**

1   The petition for a writ of habeas corpus is **DENIED**.  The clerk shall close the file.
2   **IT IS SO ORDERED.**

4   Dated: February 25, 2009

        PHYLLIS J. HAMILTON
        United States District Judge

15  G:\PRO-SE\PJH\HC.05\PIZANA2457.RUL.wpd